960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul E. COFIELD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3598.
 United States Court of Appeals, Federal Circuit.
 March 6, 1992.
Rehearing Denied March 23, 1992.
Rehearing Denied March 26, 1992.
Suggestion for Rehearing In Banc Declined
April 6, 1992.
 
 49 M.S.P.R. 421.
 AFFIRMED.
 DECISION
 PER CURIAM.
 
 
 1
 Paul E. Cofield petitions for review of a decision of the Merit Systems Protection Board, No. DC07319110333, affirming the Office of Personnel Management's (OPM) "ineligible" rating for certain positions, and determining that Cofield was unsuitable for any federal government position until October 25, 1993. We affirm.
 
 DISCUSSION
 
 2
 Cofield submitted an employment application to OPM for the positions of Computer Specialist and Computer Operator. By letter dated November 13, 1990, OPM informed Cofield that it believed there to be numerous instances of intentional false statements made by Cofield in his application concerning employment history and job terminations, and false sworn statements made by Cofield to OPM's investigator. Cofield was given an opportunity to respond. On January 18, 1991, OPM determined that all of its charges were supported and that Cofield's employment would not promote the efficiency of the service. Accordingly, Cofield's applications were rated ineligible, any eligibilities he had obtained were canceled, and he was barred from competing for or accepting appointments to positions in the competitive service until October 25, 1993. See 5 C.F.R. § 731.303. The Administrative Judge (AJ) upheld OPM's decision, determining that Cofield had falsified and misrepresented his employment history for the purposes of obtaining federal employment and that a nexus between his conduct and the efficiency of the service was presumed.
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Covington v. Department of Health and Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984). The determination of the AJ that Cofield provided false information to OPM is supported in the record. It is clear that Cofield supplied wrong information, and that he did so "with [the] intent to deceive or mislead the agency." Naekel v. Department of Transp., 782 F.2d 975, 978 (Fed.Cir.1986). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.